IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | | |
|---|---|---|
| VICTOR GONZALEZ, | ) | |
| | ) | |
| Plaintiff | ) | Cause No.: 2:17-cv-252 |
| | ) | |
| vs. | ) | |
| | ) | |
| CITY OF HAMMOND, | ) | |
| | ) | |
| Defendant | ) | |

COMPLAINT FOR DAMAGES AND REQUEST FOR JURY TRIAL

Plaintiff, Victor Gonzalez, by counsel and as his Complaint for Damages against Defendant, states as follows:

PARTIES, JURISDICTION AND VENUE

1. Plaintiff Victor Gonzalez is a resident of the State of Indiana who was formerly employed by the Defendant.

2. Defendant, City of Hammond (hereinafter referred to as "City of Hammond" or "Defendant") is an employer as defined by 49 U.S.C. 2000e(b), 29 U.S.C. § 626, *et. seq.* and 29 U.S.C. § 206, *et. seq.*, 42 U.S.C. §1981, and 42 U.S.C. §12101 that conducts business in the State of Indiana.

3. Mr. Gonzalez invokes this Court's federal question jurisdiction pursuant to 28 U.S.C. §§ 1331.

4. Venue in this Court is proper pursuant to 28 U.S.C. § 1391.

GENERAL FACTS & SPECIFIC ALLEGATIONS

5. Gonzalez, an Hispanic male over the age of forty (40), was hired by the City of Hammond as a mechanic for the police department.

6. Plaintiff, at all relevant times met or exceeded the legitimate employment expectations of the Defendant.

7. On or about October 15, 2014, Plaintiff suffered a work-related injury, namely a degenerative knee condition, and filed a workers' compensation claim which resulted in permanent restrictions.

8. On or about April 22, 2016, Plaintiff's supervisor terminated his employment claiming that he was had received a letter from Plaintiff's physician stating he was incapable of performing the essential functions of the job.

9. Plaintiff requested a copy of the alleged letter from his physician and was told there was no such letter.

10. After Defendant terminated Plaintiff's employment, it replaced him with a younger white male.

11. On or about October 11, 2016, Plaintiff filed a charge of discrimination with the Equal Employment Opportunity Commission ("Charge Number 470-2017-00120") alleging violations of the Age Discrimination in Employment Act, the Americans with Disabilities Act, and Title VII of the Civil Rights Act of 1964.

12. On or about March 9, 2017, the Equal Employment Opportunity Commission issued Plaintiff a right to sue on Charge Number 470-2017-00120.

COUNT I

13. Plaintiff incorporates by reference paragraphs one (1) through twelve (12) above.

14. Defendant's decision to terminate Plaintiff and replace him with a white employee was motivated by his race.

15. Defendant's actions violate Title VII of the Civil Rights Act of 1964 42 U.S.C. §2000(e) *et. seq*.

16. Similarly situated non-Hispanic employees were treated more favorably than Plaintiff.

17. Defendant's actions were willful and with reckless disregard for Plaintiff's rights.

18. As a result of Defendant's actions, Plaintiff has suffered damages including but not limited to lost wages and benefits, compensatory damages, punitive damages, and attorney fees.

WHEREFORE, Plaintiff prays for judgment against Defendant, for an award of unpaid wages, back pay, compensatory damages, punitive damages, prejudgment interest, reasonable attorney fees, costs and all other appropriate relief.

Count II

19. Plaintiff incorporates by reference paragraphs one (1) through eighteen (18) above.

20. Plaintiff belongs to a protected class by way of his age.

21. Defendant's decision to terminate Plaintiff was motivated by his age.

22. Similarly situated employees outside the protected class were treated more favorably than Plaintiff.

23. Defendant, City of Hammond, willfully violated the Age Discrimination in Employment Act when it terminated Plaintiff and replaced him with a younger employee.

24. As a result of the foregoing, Plaintiff sustained damages including, but not limited to, lost wages, back pay, front pay, benefits, liquidated damages, costs and attorney fees.

WHEREFORE, Plaintiff prays for judgment against Defendant, for an award of unpaid wages, liquidated damages, back pay, punitive damages, prejudgment interest, reasonable attorney fees, costs and all other appropriate relief.

## Count III

25. Plaintiff incorporates by reference paragraphs one (1) through twenty-four (24) above.

26. Plaintiff suffers from a disability due to a degenerative knee condition, but at all times was able to perform the essential functions of his job.

27. Defendant's decision to terminate Plaintiff and replace him with a non-disabled employee was motivated by his disability.

28. Similarly situated employees outside of Plaintiff's protected class(es) were treated more favorably than Plaintiff.

29. Defendant willfully violated Americans with Disabilities Act when it terminated Plaintiff's employment.

30. As a result of the foregoing, Plaintiff sustained damages including, but not limited to, lost wages, back pay, front pay, benefits, compensatory damages, costs and attorney fees.

WHEREFORE, Plaintiff prays for judgment against Defendant, for an award of unpaid wages, back pay, compensatory damages, punitive damages, prejudgment interest, reasonable attorney fees, costs and all other appropriate relief.

## Count IV

31. Plaintiff incorporates by reference paragraphs one (1) through thirty (30) above.

32. Plaintiff entered into a contractual relationship with the Defendant wherein Plaintiff would provide labor in exchange for wages.

33. Plaintiff performed his work in a satisfactory manner but was terminated and replaced by a white employee.

34. Defendant based its decision to terminate Plaintiff on his race.

35. Defendant's actions are in violation of 42 U.S.C. § 1981.

36. Defendant's actions were willful and in reckless disregard for Plaintiff's rights.

37. As a result of Defendant's actions, Gonzalez has suffered damages, including but not limited to lost wages and benefits, mental and emotional damages, liquidated damages, compensatory damages, punitive damages and attorney fees.

WHEREFORE, Plaintiff prays for judgment against Defendant, for an award of unpaid wages, back pay, compensatory damages, punitive damages, prejudgment interest, reasonable attorney fees, costs and all other appropriate relief.

## Count V

38. Plaintiff incorporates by reference paragraphs one (1) through thirty-seven (37) above.

39. Plaintiff exercised a statutory right by filing a workers' compensation claim under Indiana's Workers' Compensation Statute.

40. Defendant contravened the Indiana Workers' Compensation Statute when it terminated Plaintiff in retaliation for exercising his statutory right to file a workers' compensation claim.

41. Plaintiff's termination, by Defendant, for filing a workers' compensation claim is contrary to public policy and actionable under Indiana common law.

42. As a result of Defendant's actions, Plaintiff has sustained damages including, but not limited to, lost wages and attorney fees.

WHEREFORE, Plaintiff, Victor Gonzalez, by counsel, respectfully requests judgment against Defendant, City of Hammond, in an amount sufficient to fairly and adequately compensate Mr. Gonzalez for his lost wages, injuries and damages, anguish, mental suffering, and damages, attorney fees and for all other relief just and proper in the premises.

Respectfully submitted,

HENN HAWORTH CUMMINGS & PAGE

/s/ Paul J. Cummings
David M. Henn, #18002-49
Paul J. Cummings, #22713-41

### REQUEST FOR JURY TRIAL

Plaintiff, by counsel, respectfully requests this cause be tried by jury.

Respectfully submitted,

HENN HAWORTH CUMMINGS & PAGE

/s/ Paul J. Cummings
David M. Henn, #18002-49
Paul J. Cummings, #22713-41

HENN HAWORTH CUMMINGS & PAGE
625 N. Madison Avenue, Ste. A
Greenwood, Indiana  46142
(317) 885-0041
(888) 308-6503 Fax